IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A IXO, | § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 6:10-cv-247 |
| | § | |
| THOMSON REUTERS CORPORATION, ET AL. (II), | § § § | |
| | § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Realtime Data, LLC ("Realtime Data") files this Complaint of patent infringement and states as follows:

### THE PARTIES

1. Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with places of business at 15 West 36th Street, New York, New York, and 1828 ESE Loop 323, Suite 302, Tyler, Texas. Realtime Data is a developer of software and hardware based data compression products, ranging from data compression cards to rack-mounted storage servers. Realtime Data has worked with some of the largest technology companies in the world involved with the development of financial data compression solutions.

2. Upon information and belief, Defendant Thomson Reuters Corporation, (hereinafter, "Thomson Reuters") is a corporation organized and existing under the laws of Canada with a principal place of business at 3 Times Square, New York, New York. Thomson Reuters is registered to do business in the State of Texas and has one or more locations within

Texas.  Thomson Reuters makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include Thomson Reuters electronic trading and market data receipt and delivery systems, including but not limited to Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway.  These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.  Thomson Reuters is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas.

      3.      Upon information and belief, Defendant Bloomberg L.P. (hereinafter, "Bloomberg") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 731 Lexington Avenue, New York, New York.  Bloomberg is registered to do business in the State of Texas and has one or more locations within Texas. Bloomberg makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas,

including within the Eastern District of Texas. These products and services include Bloomberg electronic trading and market data receipt and delivery systems, including but not limited to Bloomberg Professional Service (Bloomberg Terminal), B-Pipe, Bloomberg EMS, and Bloomberg Anywhere. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, Deutsche Boerse (Eurex, Xetra, and Xetra International Markets), Russian Trading System, Shanghai Stock Exchange, Swiss Stock Exchange, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, and New York Stock Exchange. Bloomberg is qualified to do business in the State of Texas and may be served via its registered agent The Prentice-Hall Corporation, 701 Brazos Street, Suite 1050, Austin, Texas.

4. Upon information and belief, Defendant FactSet Research Systems Inc. (hereinafter, "FactSet") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 601 Merritt 7, Norwalk, Connecticut. FactSet is registered to do business in the State of Texas and has one or more locations within Texas. FactSet makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas. These products and services include FactSet electronic trading and market data receipt and delivery systems, including but not limited to FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International

Securities Exchange, NASDAQ, and New York Stock Exchange. FactSet is qualified to do business in the State of Texas and may be served via its registered agent Brian P. Long, 111 Congress Avenue, 4th Floor, Austin, Texas.

5.      Upon information and belief, Defendant Interactive Data Corporation (hereinafter, "IDCO") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 32 Crosby Drive, Bedford, Massachusetts. IDCO is registered to do business in the State of Texas. IDCO makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas. These products and services include IDCO electronic trading and market data receipt and delivery systems, including but not limited to PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus, Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange. IDCO is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.

6.      Upon information and belief, Defendant Penson Worldwide, Inc. (hereinafter, "Penson") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1700 Pacific Ave., Suite 1400, Dallas, Texas. Penson is registered to do business in the State of Texas and has one or more locations within Texas. Penson makes,

sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas. Penson is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 1700 Pacific Avenue, Suite 1400, Dallas, Texas.

7. Upon information and belief, Defendant Nexa Technologies, Inc. (hereinafter, "Nexa") is a subsidiary of defendant Penson. Nexa is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 8 Pasteur, Suite 100, Irvine, California. Nexa has one or more locations within the Eastern District of Texas. Nexa makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

8. Upon information and belief, Penson and Nexa financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, International Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

9. Thomson Reuters, Bloomberg, FactSet, IDCO, Penson, and Nexa are collectively referred to herein as the "Defendants."

<u>**JURISDICTION AND VENUE**</u>

10. This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over each of the Defendants. The Defendants have conducted and do conduct business within the State of Texas. The Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

12. On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

13. U.S. Patent No. 7,714,747 ("the '747 Patent"), entitled "Data Compression Systems and Methods," was duly and legally issued to Plaintiff Realtime Data on May 11, 2010.

14. Plaintiff Realtime Data is the owner of the '747 patent with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by the patent, as well as the right to enforce the '747 patent with respect to the Defendants.

15. On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more financial data compression products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 7,714,747

16. Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-15, above.

17.     Defendants have been and are now directly infringing the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '747 Patent. Defendants have been and are now indirectly infringing the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

18.     Defendant Thomson Reuters has been and is now directly infringing claims 1-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway.

19.     Defendant Thomson Reuters has been and is now indirectly infringing claims 14-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant Thomson Reuters' electronic trading and market data receipt and delivery systems indirectly infringes the '747 Patent by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of

Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

20. Defendant Bloomberg has been and is now directly infringing claims 1-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Bloomberg Professional Service (Bloomberg Terminal), B-Pipe, Bloomberg EMS, and Bloomberg Anywhere.

21. Defendant Bloomberg has been and is now indirectly infringing claims 14-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Bloomberg's electronic trading and market data receipt and delivery systems indirectly infringes the '747 Patent by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, Deutsche Boerse (Eurex, Xetra, and Xetra International Markets), Russian Trading System, Shanghai Stock Exchange, Swiss Stock Exchange, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, and New York Stock Exchange.

22. Defendant FactSet has been and is now directly infringing claims 1-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and

delivery systems include FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading.

23. Defendant FactSet has been and is now indirectly infringing claims 14-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant FactSet's electronic trading and market data receipt and delivery systems indirectly infringes the '747 Patent by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

24. Defendant IDCO has been and is now directly infringing the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus, Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook.

25. Defendant IDCO has been and is now indirectly infringing claims 14-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant IDCO's electronic trading and market data receipt and delivery systems indirectly infringes the '747 Patent by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, Chicago Mercantile Exchange, Options Price

Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

26. Defendants Penson and Nexa have been and are now directly infringing claims 1-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing and decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data.

27. Defendants Penson and Nexa have been and are now indirectly infringing claims 14-22 of the '747 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants Penson and Nexa's electronic trading and market data receipt and delivery systems indirectly infringes the '747 Patent by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, International Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

28. Realtime Data has at all times complied with 35 U.S.C. § 287.

29. Realtime Data has been irreparably harmed by the Defendants' acts of infringement of the '747 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon

Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

30. As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

31. WHEREFORE, Realtime Data requests a judgment:

A. That Realtime Data is the owner of all right, title and interest in and to United States Patent No. 7,714,747, together with all rights of recovery under the patent for past and future infringements thereof;

B. That Defendants have infringed United States Patent No. 7,714,747;

C. That United States Patent No. 7,714,747 is valid and enforceable in law;

D. Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patent No. 7,714,747 including an assessment of pre-judgment and post-judgment interest and costs;

E. Entering a permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patent No. 7,714,747, including without limitation from continuing to make, use, sell and/or offer for sale infringing compression and decompression-based data acceleration products;

F. That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

   G. In the event a permanent injunction preventing future acts of infringement is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

   H. Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

  32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Date: May 11, 2010  Respectfully submitted,

**MCKOOL SMITH, P.C.**

____/s/ Sam Baxter_____

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Brett E. Cooper
bcooper@mckoolsmith.com
John Briody
jbriody@mckoolsmith.com
Benjamin J. Warlick
bwarlick@mckoolsmith.com
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Laurie L. Fitzgerald
Texas State Bar No. 2403239
lfitzgerald@mckoolsmith.com
John M. Shumaker
jshumaker@mckoolsmith.com
Texas State Bar No. 24033069
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8736
Facsimile: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
REALTIME DATA LLC D/B/A IXO**